**UNITED STATES ex rel. JAFFERIAN v. CURRAN, Commissioner of Immigration.**

(District Court, S. D. New York. December 12, 1923.)

1. **Aliens** ⟲51½, New, vol. 16A Key-No. Series—**Child under 16, coming to join parent, not exempt from Quota Law.**

A child under 16, coming to join her father, an Armenian domiciled in the United States, is not exempt from the provisions of the Quota Law by section 3, providing that children under 16, unaccompanied or not coming to a parent, should be excluded, notwithstanding a departmental rule providing that the board shall admit when it is satisfactorily shown that an otherwise admissible child is going to one or both of its parents.

2. **Aliens** ⟲40—**Departmental rule cannot enlarge or limit act.**

A departmental rule cannot give any positive right which an act does not give, or limit the scope of a subsequent act.

⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Habeas Corpus. Proceeding by the United States of America on the relation of Victoria Jafferian, against Henry Curran, Commissioner of Immigration, to release relator, an alien excluded under the Quota Law. Writ dismissed, and relator remanded.

Frank A. Fritz, of New York City, for the writ.
James C. Thomas, of New York City, opposed.

LEARNED HAND, District Judge. [1] The relator is a little girl 13 years old, who was sent to join her father, an Armenian domiciled in the United States, by her mother, who is sojourning in Marseilles with her other children. When she arrived, she was excluded because the quota was complete. The argument is that, as a child under 16 coming to join a parent, she is exempt from the provisions of the Quota Law (Comp. St. Ann. Supp. 1923, §§ 4289½–4289½dd). This result is supposed to follow from U. S. ex rel. Gottlieb v. Commissioner of Immigration, 285 Fed. 295. The theory is that when, in section 3, Immigration Act Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), it was provided that children under 16, unaccompanied, or not coming to a parent, should be excluded, such children, when accompanied, or when coming to a parent, had a positive right to enter, which exempted them from the subsequent application of the Quota Law.

U. S. ex rel. Gottlieb v. Commissioner of Immigration, supra, was quite another case. True, it held that the Quota Law was supplementary to the Immigration Law of 1917, and repealed none of its provisions, so far as the two were verbally compatible, and the decision is, of course, authoritative upon me. The case involved the wife and children of a Jewish rabbi, who was a minister recognized in the Quota Law as having a positive right to enter, regardless of the quota. His wife and children were admitted because, under section 3 of the Immigration Law, the wives and children of ministers were allowed entrance along with ministers themselves, though coming from the "barred" zone. It was held that, since the right of entry was allowed to wives and children of such ministers in the Immigration Law, it continued when ministers, among others, were given an affirmative right to enter in the Quota Law.

In the case at bar the alien can appeal to no such positive right. She is merely in a class which is not excluded by the Immigration Law. That law only defined the excluded classes, leaving those who were not excluded free to enter. The Quota Law limited the number of those who were not excluded, and cut down their gross numbers indifferently, without considering their individual desirability. A child under 16 coming to a parent is in this regard no different from a child over 16, or from any other alien who is not within an excluded class. The relator can succeed only on the theory that, whenever an excluded class is defined, all aliens who do not fall within the definition are given a positive right to enter. That would result in nullifying the whole Quota Law itself, which, as I have said, can only operate upon aliens prima facie admissible.

[2] Some point is made of subdivision 1 of rule 6 of the department, which contains these words at its conclusion:

"The board shall admit when it is satisfactorily shown that an otherwise admissible child is going to one or both of its parents."

This, the relator argues, has the force of a statute, and confers a positive right on such a child. But the argument is unsound. The rule is merely an administrative adjunct to the execution of section 3 as it stood before the Quota Law was passed. The board was merely to ascertain whether or not the child was within the excluded class. Moreover, a departmental rule could not give any positive right which the statute did not, or limit the scope of a subsequent act of Congress.

There is no ground for an appeal in misericordiam, assuming that such an appeal is ever legitimate. This little girl must, indeed, face another sea voyage alone, as she has faced one already. She will, however, return to her mother and her brothers and sisters, not in Armenia, where she will be in danger, but in Marseilles, where she will be safe. She is no more entitled to enter than any others who have had the misfortune to arrive here after the quota is full. I would not minimize the hardship imposed upon all such unfortunate people, whose hopes have been disappointed; but that result is inevitable so long as some effective decision cannot be made before embarkation.

Writ dismissed; relator remanded.